### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number:** |
| | : | |
| **v.** | : | |
| | : | |
| **MARIBEL A. GUILLEN,** | : | **VIOLATION:  18 U.S.C. §1343** |
| | : | **(Wire Fraud)** |
| | : | **18 U.S.C. §2** |
| | : | **(Causing an Act to be Done)** |
| **Defendant.** | : | |
| _____ | : | |

### I N F O R M A T I O N

The United States Attorney informs the Court:

### COUNT ONE
### WIRE FRAUD

### Introduction

At all times material to this Information:

1.      The International Intellectual Property Institute ("IIPI"), is a not-for-profit, 501(c)(3) corporation located in Washington, D.C.  As an international development organization and think-tank, IIPI is dedicated to increasing awareness and understanding of the use of intellectual property as a tool for economic growth, particularly in developing countries.  During the period of this scheme, IIPI was located at 1100 H Street, N.W., Suite 1100 in Washington, D.C., and it operated in and its activities affected interstate commerce.

2.      The defendant, Maribel A. Guillen ("Guillen") was employed by IIPI from April 2004, until January 2006.  Guillen was responsible for the financial accounting of the organization.  This included maintaining the organization's checkbook and "petty cash" account, processing payroll and expense reimbursements, and paying the organization's expenses via check or credit

card.  In addition, Guillen was responsible for maintaining the organization's accounting books and reconciling them with its bank and credit card balances.

3.      As part of the operation of IIPI, funds were deposited into a checking account IIPI maintained at Wachovia Bank (account number XXXXXXXXX1600) (hereinafter, "IIPI operating account").  Funds would be disbursed from the IIPI operating account in the normal course of business for payment of necessary expenses incurred such as the payment of IIPI's vendors and creditors or the reimbursement of employees for professional expenses.  Guillen's official duties included manually preparing checks or making on-line, debit payments to vendors and creditors. Guillen had access to a rubber stamp bearing the signature of IIPI's chairman to endorse checks.

4.      While employed by IIPI, Guillen had access to VISA credit cards held in the name of IIPI.  One such VISA credit card was intended to be used for expenses incurred in the course of conducting official IIPI business (account number XXXX-XXXX-XXXX-5558) (hereinafter, "IIPI corporate credit card ").  The prevailing policies and procedures established at IIPI made it clear that the credit card was not to be used for personal expenses.

5.      Guillen held personal checking accounts at Bank of America (account number XXXXXXXX8533) (hereinafter, "Bank of America checking account") and Wachovia Bank (account number XXXXXXXXX3114) (hereinafter, "Wachovia checking account").  Guillen was the sole signatory on the Bank of America checking account and the Wachovia checking account.

**The Scheme**

6.      From December 2004, to in or about January 2006, in the District of Columbia and elsewhere, the defendant, MARIBEL A. GUILLEN embezzled approximately $107,000 from IIPI. She did so by manually preparing and signing checks written on the IIPI operating account which she made payable to herself or to "petty cash." Defendant Guillen would either negotiate the checks stolen from the IIPI operating account for cash or deposit the checks into either the Bank of America checking account or the Wachovia checking account. It was a further part of the scheme that Guillen used the IIPI corporate credit card to charge personal items or to obtain cash advances for her personal benefit and enrichment. Through this scheme, the defendant, Guillen obtained $107,208.31 of IIPI funds which she was not entitled to receive.

7.      On or about November 16, 2005, in furtherance of the aforementioned fraudulent scheme, defendant Maribel A. Guillen did transmit and cause to be transmitted in interstate commerce from Washington, D.C., to California by means of wire communication, certain signals, that is, data authorizing the use of the IIPI corporate credit card to make an on-line purchase for a personal laptop computer in the amount of $1,847.90 from a computer in Washington, D.C., to Sony e-Solutions located in California. This purchase was unauthorized and an improper use of the IIPI corporate credit card. In an effort to conceal this fraudulent activity, Guillen did not enter the purchase into the IIPI's Quickbooks accounting system as was the required procedure for legitimate organizational purchases.

8.      On December 21, 2005, in furtherance of the aforementioned fraudulent scheme, defendant Maribel A. Guillen did transmit and cause to be transmitted in interstate commerce from Washington, D.C., to Wilmington, Delaware, and other locations outside Washington, D.C., by

3

means of a wire communication, certain signals, that is, data authorizing the debit or expense in the

amount of $6,871.14 of  the IIPI's operating account held at Wachovia Bank in Washington, D.C.,

to Chase Cardmember Services in Wilmington, Delaware.  This $6,871.14 payment represented the

outstanding balance on the IIPI corporate credit card account and included the $1,847.90 fraudulent

charge to Sony e-Solutions for the laptop purchased by Guillen on November 16, 2005.

**(Wire Fraud and Causing an Act to be Done in violation of
Title 18, United States Code, Sections 1343 and 2)**

JEFFREY A. TAYLOR

United States Attorney
for the District of Columbia


By:     _____/s/_____
RONALD W.  SHARPE
Assistant United States Attorney
D.C. Bar # 434575
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530