UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Number: 07-Cr-100 (GK) |
| | : | |
| v. | : | |
| | : | |
| **MARIBEL A. GUILLEN,** | : | VIOLATIONS: 18 U.S.C. §1343 |
| | : | (Wire Fraud) |
| | : | 18 U.S.C. §2 |
| | : | (Causing an Act to be |
| | : | Done) |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Maribel Guillen. As will be discussed below in more detail, the government: (1) moves the Court to impose a two-level increase in defendant's offense level because defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense; (2) moves for a three-level decrease in defendant's offense level because defendant appropriately accepted responsibility; (3) requests that defendant be sentenced to a term of imprisonment at the lower end of the sentencing Guideline range as determined in the Presentence Investigation Report ("PSR"); and, (4) requests that the Court order defendant to pay restitution of $107,208.31 as stated in the PSR and agreed to by defendant in the plea agreement.

## I. FACTUAL BACKGROUND

On April 26, 2007, defendant Maribel Guillen pled guilty before this Court to a one-count Information charging her with Wire Fraud, in violation of 18 U.S.C. §1343.

As agreed to by defendant and set forth in the Statement of Offense and the PSR, at pages 4-5, from April 2004, until January 2006, defendant was employed by the International Intellectual Property Institute (IIPI), a Washington, D.C., based, international development organization and think-tank, dedicated to increasing awareness and understanding of the use of intellectual property as a tool for economic growth, particularly in developing countries. While working at IIPI, Guillen was responsible for the financial accounting of the organization, including maintaining the organization's checkbook and "petty cash" account, paying the organization's expenses via check or credit card and reconciling the organization's accounting books with its bank and credit card balances.

In December 2004, Guillen began manually preparing and signing checks written on the IIPI operating account which she made payable to herself or to "petty cash." Guillen used a rubber stamp bearing the signature of IIPI's chairman to endorse the stolen checks. Guillen negotiated the checks and either cashed or deposited funds stolen from the IIPI operating account into one or more personal bank accounts held in her name.

Guillen also used the IIPI corporate credit card to charge personal expenses, obtain cash advances and convenience checks that Guillen made payable to herself. Guillen did so by using computers located at the IIPI's offices and at her Washington, D.C., residence to make unauthorized, on-line purchases with the IIPI corporate credit card from merchants located outside Washington, D.C. Guillen subsequently paid for such fraudulent purchases by making on-line, debit payments

from IIPI's operating account at Wachovia Bank in Washington, D.C., to Chase Cardmember Services in Wilmington, Delaware. As a result of this fraudulent activity, Guillen received personal items to which she was not entitled including, merchandise, cash advances and convenience checks. When the fraudulent scheme was discovered in early 2006, IIPI's executive director confronted Guillen and requested her resignation. On January 20, 2006, Guillen resigned from IIPI.

Prior to the involvement of law enforcement, Guillen admitted her wrongdoing to the IIPI's president and chief executive officer. Subsequent to that meeting, Guillen voluntarily and met with IIPI personnel on several occasions in an effort to reconstruct the IIPI's accounting records and identify the loss associated with her fraudulent scheme. One week after her resignation, Guillen made a $600 payment toward the IIPI corporate credit card balance. During the period of the fraud scheme, Guillen maintained a spreadsheet log of the unauthorized checks and credit card charges she had made in furtherance of the fraud. In addition, Guillen provided the IIPI and members of law enforcement with the cancelled checks, the bank statements and the credit card statements she had been concealing that enabled her to execute and hide her embezzlement of the IIPI's funds.

On August 30, 2006, Guillen provided a voluntary written statement to members of the Federal Bureau of Investigation. In that statement, Guillen admitted that without authorization, she had written checks to herself and to petty cash. She also admitted that she had used the IIPI corporate credit card for personal expenses and used money belonging to IIPI to pay for these expenditures. Because of the fraudulent scheme executed by Guillen, IIPI suffered an actual loss of $107,208.31.

## II. UNITED STATES SENTENCING GUIDELINES

The United States Sentencing Guidelines, § 3E1.1, provides for a two-level decrease in a defendant's offense level for acceptance of responsibility, and, upon motion of the government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of the defendant's intent to plead guilty, an additional one-level decrease. Defendant meets the criteria for a three-level decrease and the government hereby moves that the Court grant her a three-level decrease in her offense level for acceptance of responsibility.

The probation officer believes, and the United States concurs, that defendant's total offense level, incorporating the three-level decrease for acceptance of responsibility, is 14, her criminal history is I, and her guideline range for imprisonment is 15 to 21 months. PSR, at pages 6-7, ¶¶ 19-32, and page 13, ¶ 70. According to the PSR, defendant falls within Zone D of the Sentencing Table, which specifies that defendant is not eligible for probation. Id., at page 14, ¶ 78.

## III. RECOMMENDATIONS

Defendant, Maribel Guillen pled guilty to one count of Wire Fraud for her role in a scheme to defraud IIPI and obtain money under its control. The evidence demonstrates that defendant abused her position of trust to selfishly enrich herself by embezzling in excess of $107,000 from the IIPI. This conduct, with its resulting harm to the IIPI was serious conduct that needs to be adequately punished. Moreover, beyond the immediate financial losses suffered by the IIPI, check and credit card fraud has the associated effects of increasing costs to all consumers. Indeed, law-abiding consumers must bear the burden of paying the costs of increased security to prevent fraud in the form

of higher interest rates, higher credit card fees and higher costs of merchandise. Furthermore, victims of credit card fraud often lose their confidence in the credit system. Unfortunately, check and credit card fraud are serious and too often recurring matters.

In this case, the government is requesting that the Court impose a two-level increase for abuse of position of trust, grant defendant a three-level decrease for acceptance of responsibility and order that defendant pay restitution. As discussed above, the resulting offense level is 14. With a criminal history category of I, defendant falls within the Guideline sentencing range of 15-21 months. The government further requests that the Court impose a sentence of imprisonment at the lower end of this sentencing range. In the plea agreement, at page 3, ¶ 4, defendant agreed to pay restitution to the victim of her crime. Consistent with the agreement and the determination of the probation officer, the United States requests that the Court order defendant to pay restitution of $107,208.31 to IIPI. PSR, at page15, ¶¶ 85-86.

## IV. CONCLUSION

WHEREFORE, the government respectfully requests that the Court impose a two-level increase for abuse of position of trust, grant defendant a three-level decrease for acceptance of responsibility, impose a sentence of imprisonment at the lower end of the applicable Guideline sentencing range and order defendant to pay restitution in the amount determined in the Presentence Investigation Report.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney


    _____
    RONALD W. SHARPE
    Assistant United States Attorney
    Fraud and Public Corruption Section
    D.C. Bar No. 434575
    555 4th Street, N.W., Room 5828
    Washington, D.C. 20530
    (202) 353-9460
    ronald.sharpe@usdoj.gov