UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 07-100 (GK) |
| v. | ) ) | |
| MARIBEL GUILLEN | ) ) ) ) | |

**DEFENDANT'S SUPPLEMENTAL STATUS REPORT AND
MOTION FOR A FURTHER STATUS CONFERENCE**

Maribel Guillen, through undersigned counsel, hereby submits to the Court her supplemental report regarding her current health status.

1. On Friday, November 2, 2007, at approximately 4:30 p.m. undesigned counsel spoke with Dr. April Barbour, Ms. Guillen's primary care physician. Dr. Barbour has been treating Ms. Guillen for approximately three and half years. Dr. Barbour has, based on personal experience, the most complete medical history of Ms. Guillen.

2. Dr. Barbour indicated that Ms. Guillen's health is presently not stable. She noted that within the past four months Ms. Guillen on two occasions sought emergency room medical treatment. In each instance, the emergency room physicians admitted, treated and monitored her and conducted additional testing. In each admission, Ms. Guillen presented new symptoms that were directly related to her Lupus. When she was hospitalized in late July and early August, Ms. Guillen was diagnosed with Pleurisy and Migraines. Fewer then three weeks ago, Ms. Guillen went to the emergency room on account of severe dehydration and continuous vomiting. During this hospitalization Ms. Guillen's weight went from her average of 112 pounds to 100 pounds.

3. Dr. Barbour indicated that Ms. Guillen is dealing with three major physical

illnesses, Lupus, Fibromyalgia, Migraines and with a mental illness, Depression. Dr. Barbour is very concerned and guarded that Ms. Guillen developed pleurisy this summer. Treating pleurisy required high dosages of narcotic treatment for pain relief and anti-inflammatory medication. During that hospitalization, Ms. Guillen also suffered from severe migraines. Dr. Barbour indicated that Ms. Guillen was administered intravenous medication because oral medication was inadequate in providing sufficient relief.

4. As between Lupus and Fibromyalgia, Dr. Barbour has a greater concern with Lupus because it can manifest itself in various ways and can affect sensitive areas like the chest, the heart, the kidneys and joints. Ms. Guillen's bout with chest problems which consisted of shortness of breath and severe pain are the types of symptoms that concern Dr. Barbour and lead her to conclude that Ms. Guillen's health is not stable. Thus far, the Lupus has manifested itself in Ms. Guillen's chest and joints and her kidneys have to be vigilantly monitored. The ache and fatigue in her joints, a result from Lupus, are compounded by the Fibromyalgia which casts a wider net of fatigue and chronic ache on Ms. Guillen's body. Unfortunately, Fibromyalgia is known to overlap with migraine headaches. In short, Ms. Guillen's three illnesses have causal effects with one another that result in pervasive debilitation and suffering.

5. Dr. Barbour also expressed concern with Ms. Guillen's struggles with depression. Depression and stress have different sources, with the two most significant being Ms. Guillen's own health and her mother's illness. Ms. Guillen's mother has been diagnosed with stage IV Leukemia and Lymphoma. According to Ms. Guillen, her mother has received two rounds of aggressive chemotherapy. Dr. Barbour indicated that depression impacts Ms. Guillen's overall health, and that when she is stressed the Lupus, Fibromyalgia and Migraines, flare up.

6.      Because she suffers from four major illnesses, Ms. Guillen is on a regimen of approximately ten very strong medications.  Dr. Barbour stated that her medicines need to be regulated and monitored on a monthly basis.  Ms. Guillen also requires monthly monitoring by an internist, a rheumatologist, a psychiatrist, and a pulmonologist.

7.      Based on the medical assessment provided by Dr. Barbour and Ms. Guillen's recent medical history, undersigned counsel believes that a further status hearing is in the best interest of Ms. Guillen and of the sentencing objectives of 18 U.S.C. § 3553(a).  Additional time will allow for continuity of the medical care and monitoring that Ms. Guillen has been receiving since her latest hospitalization.  Since she was released from the hospital on October 18, 2007, Ms. Guillen has been home bound and mostly bedridden. At this point she is still recuperating.

8.      Dr. Barbour indicated that she would be available to testify before the Court and address any questions or concerns regarding Ms. Guillen's health.  Furthermore, with additional time undersigned counsel will make every effort to find and discuss with Dr. Roger Guthrie his personal observations of the medical care provided at FMC Carswell.  By receiving testimony from Dr. Barbour and more direct information from Dr. Roger Guthrie, the Court will be better informed about the two issues that have significantly impacted Ms. Guillen's sentencing - her medical health and the medical care available and provided at FMC Carswell.

WHEREFORE, undersigned counsel respectfully submits this Supplemental Status Report and Motion for a further Status Conference on behalf of Ms. Guillen.

                                        Respectfully submitted,

                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                                          / s /  
                                                Carlos J. Vanegas  
                                                Assistant Federal Public Defender  
                                                625 Indiana Avenue, N.W., Suite 550  
                                                Washington, D.C.  20004  
                                                (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Crim. No.  07-100 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| **MARIBEL GUILLEN** | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendant Maribel Guillen's Motion For A Further Status Conference, it is hereby

**ORDERED** that the Motion is Granted;

**FURTHER ORDERED** that Defendant's primary care physician, Dr. April Barbour, be available to testify at the next Status Conference in reference to the defendant's health;

**FURTHER ORDERED** that counsel for the defendant submit to the Court a report on FMC Carswell based on the personal observations and/or experiences of Dr. Roger Guthrie or alternatively that defense counsel secure the presence of Dr. Roger Guthrie for the next Status Conference;

**SO ORDERED**

_____
THE HONORABLE GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

Copies to:

Ronald W. Sharpe, AUSA
555 - 4th Street, N.W.
Washington, D.C.  20530

Kelly Kraemer-Soares
United States Probation Officer
Federal District Courthouse
333 Constitution Ave, NW
Washington, DC 2000

Carlos J. Vanegas, AFPD
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004