UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 07-100 (GK) |
| v. | ) ) ) |  |
| MARIBEL GUILLEN | ) ) ) |  |

**DEFENDANT'S MOTION FOR PERMISSION TO TEMPORARILY
MOVE TO CALIFORNIA**

Maribel Guillen, through undersigned counsel, moves the Court for Permission to Temporarily Move to California, pending the February 7, 2008 Status Conference.

In Support of the Motion undersigned counsel states:

1.      On June 20, 2007, the Court sentenced Ms. Guillen to a period of incarceration of fifteen months to be followed by three years of Supervised Release. The sentence included a restitution order in the amount of $107, 000.00 dollars. The sentence was imposed pursuant to a guilty plea to a criminal information that charged Ms. Guillen with Wire Fraud in violation of 18 U.S.C. § 1343.

2.      Ms. Guillen initially received notification to voluntarily report to FMC Carswell, in Fort Worth Texas on August 16, 2007. On August 8, 2007, Ms. Guillen moved the court to extend her reporting date based on her physical deterioration and hospitalization and questions regarding the medical care provided at FMC Carswell. The Court granted the motion to extend Ms. Guillen's reporting date and scheduled a status hearing for September 13, 2007.

3.      Ms. Guillen did not appear for the September 13, 2007 Status Conference because she was recuperating from a recent hospitalization. The Court continued Ms. Guillen on her

personal recognizance and scheduled a Status Conference for November 5, 2007. Undersigned counsel agreed to submit a report and/or update regarding Ms. Guillen's health, additional information concerning FMC Carswell and any alternative Bureau of Prison Facility that could provide adequate medical care for Ms. Guillen. Furthermore, counsel was to inquire into the availability of a BOP facility close to Ms. Guillen's family residence in southern California.

4.      On November 5, 2007, undersigned counsel submitted a report concerning Ms. Guillen's health based on a conversation with Dr. April Barbour, Ms. Guillen's primary care physician. In essence, Dr. Barbour's summarized that Ms. Guillen's physical deterioration and suffering was a result of the confluence of her Lupus, Fibromyalgia, and Migraines. In light of her physical state and vulnerability, undersigned counsel requested a further status conference in February 2008. Three months was requested in order to allow Ms. Guillen's health to stabilize, for the submission of a report by Dr. Barbour, and to see if Dr. Roger Guthrie could provide the Court with first hand information concerning the medical care available and provided at FMC Carswell.

5.      Since the November 7, 2007 Status Conference, Ms. Guillen's health has not improved. The debilitation caused by her illnesses has prevented her from returning to work. Ms. Guillen has not worked since the last week in August. In response to her substantial absence, Ms. Guillen's employment was terminated on Wednesday, November 21, 2007. As a result Ms. Guillen is currently unemployed and physically unable to work or even look for employment. Regrettably, since she has not been working and earning money, Ms. Guillen has been unable to pay her rent. Because she fell behind on her rent, Ms. Guillen's landlord filed a claim against her in Landlord Tenant Court in the Superior Court.

6.      On November 28, 2007, Judge Mary Terrell, in Case No: 034902-07 of the Landlord Tenant Branch, ruled in favor of the landlord because Ms. Guillen was unable to satisfy a settlement agreement to pay her outstanding rent.  Judge Terrell gave Ms. Guillen until Friday, December 7, 2007 to vacate the premises.  Failure to vacate may result in Judge Terrell issuing an order allowing the authorities to remove Ms. Guillen's property from the apartment at issue.

7.      Ms. Guillen's unemployment will by next Friday, December 7, 2007 make her homeless.  Her unemployment has also affected her medical insurance since she obtained it from her job.  As it stands now Ms. Guillen has to find some other means to pay the costs for medical coverage.  Ms. Guillen has made arrangements for medical coverage with a medical plan offered by AETNA at a monthly rate of $107.00 dollars.  However, notwithstanding that she might be able to pay for medical insurance, Ms. Guillen's overriding problem is her lack of housing.

8.      Beset by three significant illnesses, unemployed and on the verge of being homeless, Ms. Guillen's only alternative at this point is to return to California to live with her parents.  The request to permit Ms. Guillen to move to California to live with her family is, admittedly, extraordinary.  However, the extent of her physical deterioration could not have been anticipated.  Similarly, the loss of her employment and housing were equally unforseen.  In the event that the Court grants the instant motion, undersigned counsel has contacted Ms. Guillen's mother to ensure that proper housing and medical arrangements are available.

9.      On Wednesday, November 28, 2007 undersigned counsel spoke with Ms. Guillen's mother, Maria Garcia Guillen.  Ms. Guillen's mother is aware of her daughter's health problems and the recent employment and housing setbacks.  Her greatest fear is that her daughter's housing and employment problems have exacerbated her depression, isolation and

3

overall physical health. Ms. Maria Guillen indicated that she and Jose Guillen, Maribel Guillen's father, can and are willing to care for their daughter and pay for her medical care. Ms. Maria Guillen indicated that her daughter can be treated at Inland Valley Regional Medical Center, in Wildomar, California. This is the hospital where she has been receiving treatment for her cancer. Ms. Maria Guillen also indicated that her daughter can be treated by Dr. Naima Powell, the Guillen's family physician.

10.     Undersigned counsel corresponded with Dr. Barbour regarding Ms. Guillen's request to relocate to California. Dr. Barbour responded that Ms. Guillen "is very vulnerable right now due to her medical condition and emotional state and she has little to no support in this area." Dr. Barbour believes that Ms. Guillen needs the support of her family in this very difficult time in her life.

11.     Undersigned counsel informed Assistant United States Attorney Ronald Sharpe regarding the relief requested in the instant motion. Mr. Sharpe indicated that the Government opposes Ms. Guillen's request to relocate to California.

WHEREFORE, undersigned counsel respectfully submits Ms. Guillen's Motion for Permission to Temporarily Move to California and to be supervised by the Federal Pre-Trial Office for the Central District of California pending the February 5, 2008 Status Conference. Undersigned counsel respectfully requests an Expedited Status Hearing to address the relief requested.

                                        Respectfully submitted,

                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                               / s / _____
                                               Carlos J. Vanegas
                                               Assistant Federal Public Defender
                                               625 Indiana Avenue, N.W., Suite 550
                                               Washington, D.C.  20004
                                               (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) ) ) ) ) ) | Crim. No. 07-100 (GK) |
| v. | | |
| **MARIBEL GUILLEN** | | |

**ORDER**

Upon consideration of defendant Maribel Guillen's Motion for Permission To Temporarily Move to California, it is hereby

**ORDERED** that defendant's Motion is granted; and it is

**FURTHER ORDERED** that the defendant will be supervised by the Federal Pre-Trial Services Office for the Central District of California;

**FURTHER ORDERED** that defendant will comply with all the conditions and terms of release as requested by the Pre-Trial Services Office for the Central District of California;

**FURTHER ORDERED** that the Defendant's appearance for the February 7, 2008 is mandatory and required;

**FURTHER ORDERED** that the parties appear for a Status Hearing on the_____day, of_____, 2007 at_____.

**SO ORDERED**

_____                                            _____
DATE                                                          GLADYS KESSLER
                                                                    UNITED STATES DISTRICT JUDGE

Kelly Kraemer-Soares
D.C. Pretrial Agency
United States District Court
333 Constitution Ave., NW
Washington, D.C. 20001

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

Ronald W. Sharpe
Assistant United States Attorney
United States Department of Justice
Washington, DC 20530