```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
      Plaintiff-Appellee;      )
                               )     Crim. No. 07-100 (GK)
      v.                       )     (Appeal No. 07-3077)
                               )
MARIBEL GUILLEN                )
                               )
      Defendant-Appellant.     )
_____)
```

### DEFENDANT MARIBEL GUILLEN'S MOTION
### FOR RELEASE PENDING APPEAL AND
### <u>INCORPORATED MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF</u>

Defendant Maribel Guillen, through undersigned counsel, hereby requests that this Court grant her Motion for Release Pending Appeal pursuant to 18 U.S.C. § 3141(b) and § 3143(b).

Ms. Guillen is currently designated to a federal correctional institution, having been sentenced to 15 months incarceration by this Court. This request for release is based on her claim on appeal that this Court presumed the Guidelines sentence to be reasonable in violation of <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007). This Court need not resolve the merits of this claim in order to release Ms. Guillen pending her appeal. This Court need only find that her legal claim to a sentence less than 15 months raises a "substantial question of law," which it clearly does.

## Procedural History

On April 18, 2007, the government filed a one count information against Maribel E. Guillen in which it charged her with wire fraud in violation of 18 U.S.C. § 1343.  On April 26, 2007, Ms. Guillen waived formal arraignment and, pursuant to a written plea agreement, entered a plea of guilty to the sole count of the information.

On April 26, 2007, the Court sentenced Ms. Guillen to fifteen months' imprisonment followed by two years' supervised release and required that she make restitution.  In imposing sentence, the Court noted, "I do think that the guideline range is reasonable and meets the requirements of 18 U.S.C. § 3553." 4/26/07 Tr. 25.

After the sentencing, the government did not contest Ms. Guillen's request for voluntary self-surrender, and the Court allowed her to remain free on the existing release conditions pending her self-reporting to a facility to be designated by BOP. Ms. Guillen currently remains on bond pending self-surrender on June 5, 2008 at FMC Carswell.

## Grounds for Release Pending Appeal

Under 18 U.S.C. § 3143(b)(1), a court shall order release pending appeal if it finds (emphasis added):

> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

>   (i)   reversal,
>
>   (ii)  an order for a new trial,
>
>   (iii) a sentence that does not include a term of imprisonment, or
>
>   (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Because Ms. Guillen's appeal is not for purposes of delay and Ms. Guillen presents no issue of dangerousness or potential flight,[1] the only question is whether her appeal raises a "substantial question of law" within the meaning of § 3143(b). A "substantial question" is "'a close question or one that very well could be decided the other way.'" United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require that the Court find that it is likely to be reversed before it may grant release pending appeal. See Bayko, 774 F.2d at 522-23. Rather, the Court is to "evaluate the difficulty of the question" on appeal, United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986), and grant release pending appeal if it determines that the question is a close one that very well could be decided in the defendant's favor.

---

[1] This Court having concluded after entry of the guilty plea that Maribel Guillen was unlikely to flee, and Maribel Guillen having been allowed to self-report to serve her sentence, there is no likelihood she would flee now even if her original sentence is ultimately affirmed.

Ms. Guillen intends to challenge on appeal the Court's sentence as both procedurally and substantively unreasonable. First, the Court impermissibly presumed that the sentencing guideline range provided for an appropriate sentence in this case because no party had shown otherwise. See United States v. Rita, 127 S.Ct. 2456, 2465 (2007) ("the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"). Although the district court considered many § 3553 factors and articulated reasons for its sentence, from the time of the guilty plea through sentencing, the court treated the guideline sentencing range as presumptively reasonable. During the guilty plea hearing, the Court stated, "Our Court of Appeals has ruled that any sentence within the guideline range is presumed to be reasonable. There may be reasons that your counsel could prove to me that it was not reasonable but basically I start with a presumption that it is reasonable." 4/26/07 Tr. 15. During the sentencing hearing, the district court reiterated its adherence to a presumption that a guideline sentence was reasonable: "One of the purposes of the advisory guidelines framework is to help provide consistency in sentencing, and I think that is an important purpose, and certainly it is one of the many reasons that I will follow the guidelines unless I am convinced that the factors in 18 U.S.C. 3553 require a sentence that is different than the guidelines." 6/20/07 Tr. 23. The Court's presumptive reliance on the Guidelines overshadowed the other factors identified under 18

U.S.C. § 3553, causing an imbalance in the application of those factors as they applied to Ms. Guillen.  The result was imposition of a sentence that was procedurally unreasonable and should therefore be vacated.

Secondly, § 3553(a) requires that sentencing courts "impose a sentence sufficient, but not greater than necessary" to satisfy society's need for retribution, deterrence, incapacitation and rehabilitation while simultaneously taking into account the nature and circumstances and history and background of the individual case and defendants before the court.  While the Court duly considered many of the § 3553(a) factors, the sentence it imposed of 15 months' incarceration was far greater than necessary to accomplish the purposes of sentencing in this case.  Specifically, the Court failed to adequately consider Ms. Guillen's exceptional assistance to authorities in reconstructing records of the losses she caused and that her exception acceptance of responsibility merited a lower sentence.  The Court also failed to adequately consider Ms. Guillen's unusually poor health and the alternatives to incarceration available for fashioning its sentence.  Ms. Guillen argued that her lupus and fibromyalgia created a significant hardship in her life and that imprisonment would only exacerbate that hardship.  6/20/07 Tr. 9-10.  Thus, a sentence involving community confinement instead of incarceration would better serve Ms. Guillen's unique need for medical care and correctional treatment.  18 U.S.C.

§ 3553(a)(2)(D).  Indeed, the PSR noted:

> Before sentencing Ms. Guillen, the Court is required under 18 U.S.C. § 3553(a)(3), to consider the kinds of sentences available.  In addition to a term of imprisonment, the Court also has available community corrections centers, home confinement via electronic monitoring (including global positioning satellite monitoring), community services, and financial sanctions.  The Court may impose a sentence using one or more of these options.  Other than straight imprisonment, the Court may execute these sentencing options through the U.S. probation office.

PSR at ¶ 90; see also 18 U.S.C. § 3551 (enumerating authorized sentences).  Although a sentence other than imprisonment would be appropriate in this case, the Court did not acknowledge its authority to impose such a sentence.  Ms. Guillen's crime is characterized as class C felony under 18 U.S.C. § 3559(a)(3).  Thus, under 18 U.S.C. § 3561, Ms. Guillen was eligible for a sentence of probation with any of the conditions identified in the PSR to otherwise achieve the purposes of sentencing.  A sentence involving community confinement during a term of probation, rather than imprisonment, would not only better serve Ms. Guillen's healthcare needs, but would also allow her to begin to make restitution payments.  See 18 U.S.C. § 3553(a)(7) (identifying "the need to provide restitution to any victims of the offense" in determining a particular defendant's sentence).[2]

For these reasons, the sentence in this case was unreasonable and should be vacated and remanded for resentencing. Maribel Guillen has a legitimate basis under which to challenge

---

[2] Although restitution was ordered, a sentence that removes Ms. Guillen from the community obviously prevents payment until her term of incarceration is complete.

the sentencing guideline range the Court presumed applicable to her case.

This Court need not resolve the issues Ms. Guillen intends to raise on appeal in order to release Ms. Guillen pending her appeal. This Court need only find that her legal claim to a sentence lower than the Guideline sentence of 15 months is a "substantial" one. Perholtz, 836 F.2d at 555. This Circuit has held that in light of Booker, a sentencing judge "cannot simply presume that a Guidelines sentence is the correct sentence," but instead must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." United States v. Pickett, 475 F. 3d 1347, 1353 (D.C. Cir. 2007). Thus, the Court's presumptive reliance upon the Guidelines in conjunction with the alternatives to incarceration that were available to the court clearly create a substantial question as to the reasonableness of Ms. Guillen's sentence.

WHEREFORE, defendant Maribel Guillen respectfully requests that this Court grant this motion and issue the attached proposed Order allowing for her release pending appeal.

                    Respectfully submitted,

                    A.J. KRAMER
                    FEDERAL PUBLIC DEFENDER


                    _____/S/_____
                    Tony Axam, Jr.
                    Assistant Federal Public Defender
                    625 Indiana Avenue, N.W., Suite 550
                    Washington, D.C.  20004
                    (202)  208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee; ) | |
| ) | Crim. No. 07-100 (GK) |
| v. ) | (Appeal No. 07-3077) |
| ) | |
| MARIBEL GUILLEN ) | |
| ) | |
| Defendant-Appellant. ) | |

**ORDER**

Upon consideration of defendant's Motion for Release Pending Appeal, it is hereby:

ORDERED that defendant's motion is GRANTED; and it is further

ORDERED that the Defendant shall be released from custody pending appeal in this matter.

SO ORDERED this _____ day of _____, 2008.


_____
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE


copies to: BOP
           U.S. Marshal

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )
    **Plaintiff-Appellee;**        )
                                   )   Crim. No. 07-100 (GK)
    **v.**                         )   (Appeal No. 07-3077)
                                   )
**MARIBEL GUILLEN**                )
                                   )
    **Defendant-Appellant.**       )
_____)

### ORDER

Upon consideration of defendant's Motion for Release Pending Appeal, it is hereby:

ORDERED that defendant's motion is GRANTED; and it is further

ORDERED that the Defendant shall be released from custody pending appeal in this matter.

SO ORDERED this _____ day of _____, 2008.

_____
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

copies to: BOP
         U.S. Marshal