UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal No. 07-100 (GK) |
| MARIBEL A. GUILLEN, | : | **FILED** |
| Defendant. | : | JUN 2 6 2008 |

Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM ORDER

Defendant Maribel Guillen has filed a Motion for release pending appeal. Upon consideration of the Motion, the Opposition, and the entire record in this case, the Court concludes that the Motion should be **denied**.

1. On April 26, 2007, the Defendant pleaded guilty to the charge of wire fraud, 18 U.S.C. § 1343, with which she had been charged in an Information filed April 18, 2007.

At that hearing, the Defendant clearly waived her right to appeal her sentence unless that sentence exceeded either the statutory maximum or the applicable advisory Guideline range. As the Court explained to her at the hearing, she "is giving up her right to appeal any sentence she receives unless I sentence her to a period longer than 20 years or unless I depart upward from the Guideline range." 4/26/07 Tr. at 18. Defendant's counsel indicated that the Court had accurately described the appeal waiver and Defendant herself stated that she understood and accepted the appeal waiver. Id.

Consequently, the Defendant's appeal, and her Motion, are barred by the fact that at her plea hearing, she waived her right to appeal any sentence within the advisory Guideline range. There is no question that the sentence in this case fell within that range.

2.  The sentencing hearing was held on June 20, 2007. The Court held that, based upon a total offense level of 14, and a criminal history category of I, Defendant was subject to an advisory Guideline range of 15-21 months. The Probation Office also calculated the advisory Guideline range as 15-21 months. Counsel do not disagree with that conclusion.

Defendant argues that she has met the requirement of 18 U.S.C. § 3143(b)(1), that her appeal "raises a substantial question of law" because the Court impermissibly presumed under United States v. Rita, 127 S. Ct. 2456, 2465 (2007), that the advisory Guideline range provided for an appropriate sentence in this case. The Court cannot accept Defendant's argument on this point. Defendant conceded in her Memorandum that "the District Court considered many § 3553 factors and articulated reasons for those sentences." Op. at 4. While it is true that at the plea hearing the Court stated that "Our Court of Appeals has ruled that any sentence within the guideline range is presumed to be reasonable," 4/26/07 Tr. at 15, that was not the sentencing proceeding. At the sentencing, the Court used more accurate language and noted that it gives "very heavy consideration to the Guideline range," and then proceeded to set out its analyses of the many different factors to be considered under 18 U.S.C. § 3553. 6/20/07 Tr. at 22. The Court cannot conclude, on the basis of this record, that Defendant has raised a "substantial question of law."

WHEREFORE, it is this __ day of June, 2008, hereby

ORDERED, that Defendant's Motion for Release Pending Appeal is **denied**.

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**